**SHAN CAN ZHANG a/k/a Shan Chan Zheng, Petitioner,**

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES, Respondent.**

No. 07–2381–ag.

United States Court of Appeals, Second Circuit.

Feb. 15, 2008.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Andrew Oliveira, Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. WALKER, Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioner Shan Can Zhang, a native and citizen of the People's Republic of China, seeks review of a May 10, 2007 order of the BIA affirming the September 19, 2005 decision of Immigration Judge ("IJ") Annette S. Elstein denying petitioner's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Shan Chan Zhang,* No. A77 296 961 (B.I.A. May 10, 2007), *aff'g* No. A77 296 961 (Immig. Ct. N.Y. City, Sep. 19, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect the Court's ultimate conclusion. *Jigme Wangchuck v. DHS,* 448 F.3d 524, 528 (2d Cir.2006). We review the IJ's factual findings, including adverse credibility determinations, under the substantial evidence standard, overturning them only if any reasonable adjudicator would be compelled to conclude to the contrary. *See* 8 U.S.C. § 1252(b)(4)(B); *Manzur v. U.S. Dep't of Homeland Sec.,* 494 F.3d 281, 289 (2d Cir. 2007) (quoting section 1252(B)(4)(b); internal quotation marks omitted). We review *de novo* questions of law and the application of law to undisputed fact. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

■ Zhang argues that the agency impermissibly found that his testimony was vague. We conclude, however, that Zhang has failed to show that "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 114 (2d Cir.2005). Because vague testimony about Falun Gong materials he sent to his father is the only evidence in the record that officials in China know that Zhang practices Falun Gong in the United States, we find that Zhang has failed to meet the objective component of a well-founded fear where his claim that Chinese officials know that he practices Falun Gong in the United States lacks "solid support" in the record. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir.2005); *see also Jin Chen*, 426 F.3d at 114.

We also conclude that the BIA did not err in relying on Zhang's failure to corroborate his Falun Gong claim in denying relief. Here, Zhang was not otherwise credible and the IJ did not base the denial of Zhang's asylum claim solely on lack of corroboration. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 341 (2d Cir.2006)(finding that the requirement that the agency must determine whether corroborating evidence is reasonably available applies only when the agency cites inadequate corroboration as a basis for denying relief to an applicant who is otherwise credible). The IJ's denial was based instead on a finding that Zhang's largely uncorroborated, non-credible testimony was insufficient to establish eligibility for the relief he requested.

■ Moreover, contrary to Zhang's argument, his fiancée's forced abortion does not constitute past persecution. We have held that "the statutory scheme unambiguously dictates that applicants can become candidates for asylum relief only based on persecution that they themselves have suffered or must suffer." *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 309 (2d Cir.2007)(*en banc*). Nor did the agency err in finding that Zhang did not suffer past persecution because of his "other resistance to a coercive population control program." *See id.*, 494 F.3d at 313; *Matter of S–L–L–*, 24 I. & N. Dec. 1, 10 (BIA 2006) (en banc). Although Zhang's opposition could be considered "resistance" to the family planning policy, Zhang has not shown that his resistance led to actions against him that amounted to persecution. *See S–L–L–*, 24 I. & N. Dec. at 10.

We conclude further that Zhang has not shown that "any reasonable adjudicator would be compelled to conclude," contrary to the agency, that he has a well-founded fear of future persecution in China based his demand for an apology and compensation from the family planning office. 8 U.S.C. § 1252(b)(4)(B). Indeed, although Zhang testified that family planning officials "would never let go of the activities [he] did before," he did not present any evidence that indicates he has an objectively reasonable well-founded fear of persecution on account of China's family planning policy. *See, e.g., Matter of J–W–S–*, 24 I. & N. Dec. 185, 194 (BIA 2007).

Because Zhang was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006). Because Zhang failed to challenge the denial of his CAT claim in his brief to this Court, we deem that claim waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

For the foregoing reasons, the petition for review is DENIED. Our review having been completed, the pending motion

for a stay of removal is DISMISSED as moot.